UNITED STATES DISTRICT COURT

JAMES MOORE,                                  Case No. 3:00 CR 40 (CFD)

    Petitioner:

v.

UNITED STATES OF AMERICA,

    Respondent:

### MOTION FOR DOWNWARD DEPARTURE

COMES NOW, the Petitioner, James Moore, pro-se (Hereinafter, "Petitioner") and hereby respectfully submits the instant Memorandum of Law in Support of his Motion For a Downward departure pursuant to Title 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0, for a downward departure from the United States Sentencing Guidelines based on post-conviction rehabilitation. In support of, it is stated:

The Petitioner assumes this Honorable Court is familiar with all other pertinent facts of this case as set-forth in prior filed motion(s).

### Discussion

**The Sentencing Reform Act of 1984 (The Act)** invites the sentencing court to consider a departure from range provided by the Sentencing Guidelines, **U.S.S.G.** finds there may exist aggravating or mitigating circumstances of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines." 18 U.S.C. § 3553(b); see also, U.S.S.G. Ch. 1 Pt. A., intro comment (4)(b).

Furthermore, the Guidelines themselves make clear that a court should consider in every case, not only in rare circumstances whether a departure is appropriate, see, U.S.S.G. § 1B1.1(i). In making this inquiry, the sentencing court begins by considering whether some aspect of the case "takes it outside the Guideline **Heartland**, and makes it of a special or unusual case." there isn't any case law that Petitioner knows which suggest what a defendant must do to demonstrate the level of rehabilitation which puts ones' case outside the **Heartland** of the Guidelines. The Second Circuit suggests "a highly successful rehabilitation is [N]ot taken into consideration appropriately (in kind and degree) by U.S.S.G. See, **United States v. Core**, 125 F.3d at 77; D. C. Circuit suggests that post-sentencing rehabilitation may be the basis for a downward departure only if it presents "an exceptional ("degree")"; **United States v. Rhodes**, 145 F.3d at 1383. The District Court has authority to depart downward for post-sentencing conduct, as a basis for departure upon resentencing, **United States v. Whitaker**, 152 F.3d 1238 (10th Cir. 1998).

The Supreme Court has held and specifically stated that a district court cannot be precluded categorically from considering **ANY FACTOR**, at sentencing so long as the factor is not one of the "forbidden" factors outlined in the Guidelines, **Koon v. United States**, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). In the present case Petitioner has sought and continues seeking all opportunities at rehabilitation. Since he has been incarcerated, Petitioner has endeavored to take advantage of all the institutional programs.

In the last three (3) years Petitioner hasn't received any disciplinary write-ups or failed one single urine test analysis. Petitioner has maintained clear conduct and a great work performance reputation.

Likewise, Petitioner has taken several programs and completed them, such as, but not limited to Cage Your Rage; anger Managment, Coping With Stress, and Kids Awareness. Petitioner honestly believes that he has been rehabilitated with the federal system and his past clear conduct and determination to do right, supports such downward departure motion. See, <u>Whitaker</u>, <u>supra.</u>

Finally, Petitioner asks the Court to take Judicial Notice of the fact that this Court recommended the 500 Hour Drug Program - which resulted in Petitioner's transfer to FCI-Fairton, N.J. where he is presently on the waiting list. With all said this Honorable Court should find under the circumstances that a downward departure is warranted.

### Conclusion

**WHEREFORE,** based on all the foregoing, this Honorable Court should grant the instant petition and/or other relief as this Court may deem just and proper.

Respectfully submitted

_____
JAMES MOORE, PRO-SE LITIGANT
Reg. No. 13801-014

10/31/05

# CERTIFICATE OF SERVICE

I, **James Moore**, hereby certify that I have served a true and correct copy of the foregoing:

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this **31** day of **October**

Respectfully Submitted,

_James Moore_

REG. NO. **13801-014**

_[signature]_ CASE MANAGER
10/31/05